**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company, a New York corporation, | CV-01-881-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Eileen M. Parker, aka Eileen Marrero; Anita Pietrofitta; Milca Marrero; Susan Marrero; Marie Parker; Marty Parker; Brooke Anderson; Gable Nickel aka Gable Alfano; Michael Marrero; Delvis Manzanet; Zachary Dry, a minor child by and through his natural mother and guardian Lisa Dry; the Estate of Scott Parker, by and through its Personal Representative, | |
| Defendants. | |

Pending before the Court are Defendant Anita Pietrofitta's Motion to Strike Former Party Eileen Marrero's "Response to Joint Status Report" (Doc. # 106), Defendant Estate of Scott Parker's Motion for Summary Judgment (Doc. # 111), and Defendant Anita Pietrofitta's Cross-Motion for Summary Judgment (Doc. # 122).

I.    BACKGROUND[1]

By Order dated June 19, 2003, the Court found that the decedent, Scott Parker, had designated his Estate as the beneficiary of the life insurance proceeds from his Bank of America Group Benefits Program (the "Plan"), an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). On appeal, the Ninth Circuit Court of Appeals reversed, finding that the decedent made an invalid beneficiary designation on his beneficiary designation form and thus failed to identify a beneficiary. *See Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109, 1115-16 (9th Cir. 2006). The Ninth Circuit remanded the matter to this Court to determine the proper default beneficiary under the Plan. *Id*. at 1116.[2] The question now before the Court is whether the default beneficiary under the Plan is the Estate of Scott Parker ("Estate") or decedent's surviving spouse, Anita Pietrofitta (Ms. Pietrofitta").[3]

On remand, and in response to the Court's Order dated March 28, 2006, the Estate and Ms. Pietrofitta filed a Joint Status Report and Stipulation to Facts. Therein, the parties stipulated to all relevant facts and agreed that the remaining legal issue could be decided upon briefs and oral argument. In accordance with the stipulation, each party filed a motion for summary judgment. The Estate argues in its motion for summary judgment that it is the default beneficiary based on the language in the summary plan description ("SPD"). In

---

[1] Because a complete discussion of the factual and procedural background is contained in the Court's Order dated June 19, 2003, and the subsequent Ninth Circuit Court of Appeals' opinion, *see Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109 (9th Cir. 2006), the Court will only set forth the background pertinent to the present Order.

[2] The Ninth Circuit, believing that there were two separate plans in existence at the time of decedent's death, also remanded to allow this Court to make a factual finding as to which plan governed. However, as the parties stipulate in their Joint Status Report and Stipulation to Facts (Doc. # 102), "the Ninth Circuit Court of Appeals was mistaken in its impression that there are two separate plans at issue in this case." As the parties further stipulate, there is only one plan at issue. However, the Plan includes both a summary plan description as well as the official plan document.

[3] Considering the Ninth Circuit's opinion and the default beneficiary provisions of the Plan documents, only the Estate or Ms. Pietrofitta can be the proper default beneficiary.

contrast, Ms. Pietrofitta argues in her cross-motion for summary judgment that she is the default beneficiary based on the language in the official plan document ("Official Plan").

II. DISCUSSION

The Official Plan provides, in pertinent part:

> If no beneficiary is named or no beneficiary survives the insured individual, proceeds shall be payable in the following order to:
> 1) the spouse, if living;
> 2) the surviving children, equally;
> 3) mother and father equally or to the surviving parent if both are not alive;
> 4) the executors or administrators.

In contrast, the SPD provides, in pertinent part:

> If you die and no beneficiary designation is in effect as to any part of the insurance, or if there is no designated beneficiary then living with respect to any part of the insurance, the insurance company may, at its option, pay such part to your estate.

Based on the foregoing language, the Estate contends that the SPD and the Official Plan conflict. Because of this alleged conflict, the Estate argues that the SPD governs making it the proper default beneficiary. While the case law the Estate cites does stand for the general proposition that the summary plan description governs if it conflicts with the official plan document,[4] the Court does not agree with the Estate's contention that the SPD conflicts with the Official Plan.

Under the SPD, if there is no beneficiary designation for any part of the insurance, then "the insurance company may, at its option, pay such part to" the decedent's estate. This

---

[4] The Court tempers this statement by recognizing that the majority of the case law that the Estate cites requires not only a conflict, but reliance or prejudice as well. *See, e.g., Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703 (7th Cir. 1999); *Branch v. G. Bernd Co.*, 955 F.2d 1574 (11th Cir. 1992); *Govoni v. Bricklayers, Masons and Plasterers Intl. Union of America, Local No. 5 Pension Fund*, 732 F.2d 250 (1st Cir. 1984). Further, the Court recognizes that the Ninth Circuit Court of Appeals' opinion in *Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139 (9th Cir. 2002), imparts a different perspective on the issue by holding that when there is a conflict between a summary plan description and an official plan document, the official plan document governs when it is more favorable to the employee.

- 3 -

language imparts to the insurance company the discretion to pay the decedent's estate in the absence of a beneficiary designation. In contrast, the Official Plan sets forth a non-discretionary hierarchy of default beneficiaries. The Official Plan first provides that in the absence of a beneficiary designation the insurance proceeds shall be paid to the decedent's spouse, if living. If there is no living spouse, the Official Plan next provides that the insurance proceeds shall be paid to the decedent's surviving children and, in the absence thereof, to the decedent's surviving parents. Only in the absence of a living spouse or surviving children or parents does the Official Plan mandate payment to the decedent's estate.

In this case, the discretionary nature of the SPD default beneficiary provision and the fact that decedent is survived by his spouse, Ms. Pietrofitta, create a *potential* conflict between the SPD and Official Plan. However, this potential conflict is not apparent on the face of the SPD or the Official Plan. Instead, it is dependent solely on the insurance company's exercise of its discretion under the SPD to pay the insurance proceeds to the Estate. If, under the SPD, the insurance company decides to pay the proceeds to the Estate, then a conflict between the SPD and the Official Plan, which requires payment to Ms. Pietrofitta, arguably exists.[5] On the other hand, if the insurance company does not pay the proceeds to the Estate, then no conflict exists between the SPD, which is otherwise silent on the disposition of the insurance proceeds, and the Official Plan.

The Court is not willing to conclude that a conflict exists, and that the SPD governs, when the conflict may only arise as a result of the insurance company's conduct, which might

---

[5]Ms. Pietrofitta argues that even then there would be no conflict because the default beneficiary provisions in the SPD and Official Plan, read together, create what is known as a "facility of payment" clause. Under this interpretation, the insurance company's discretionary act of paying the proceeds to the Estate does not vest the Estate with the absolute ownership of the proceeds; instead, the Estate would hold the proceeds for the benefit of the person ultimately entitled to the proceeds. *See* O.C. Sattinger, Annotation, *Insurance: Facility of Payment Clause*, 166 A.L.R. 10; *John Hancock Mutual Life Insurance Company v. Jordan*, 836 F.Supp. 743 (D.Colo. 1993). According to Ms. Pietrofitta, even should the SPD be given some effect and the proceeds distributed to the Estate, she is the person ultimately entitled to the insurance proceeds under the Official Plan.

- 4 -

be based on nothing more than a mere whim. Further, even if the Court were to conclude there is a conflict such that the SPD governs, the discretionary nature of the SPD default beneficiary provision renders payment to the Estate uncertain. If payment is not made to the Estate, then the SPD fails to provide for any alternative payee. Under such circumstances, resort would have to be made to the Official Plan and its non-discretionary default beneficiary provision.[6] Thus, even were this Court to rule that the SPD governs, it does not necessarily follow that the Estate would be the beneficiary of the insurance proceeds.[7] As a result of the uncertainty surrounding the SPD and the existence of an actual conflict, the Court concludes that the SPD and Official Plan do not conflict and that the SPD does not govern the disposition of the insurance proceeds. Because the SPD does not govern, the non-discretionary default beneficiary provision in the Official Plan is applicable and, thereunder, the decedent's spouse, Ms. Pietrofitta, is entitled to the insurance proceeds.

Accordingly,

IT IS ORDERED Defendant Anita Pietrofitta's Motion to Strike Former Party Eileen Marrero's "Response to Joint Status Report" (Doc. # 106) is DENIED;

IT IS FURTHER ORDERED that Defendant Estate of Scott Parker's Motion for Summary Judgment (Doc. # 111) is DENIED;

---

[6] *See Koons v. Aventis Pharmaceuticals, Inc.*, 367 F.3d 768, 775 (8th Cir. 2004) (stating that the general rule that the summary plan description governs when it conflicts with the official plan document does not apply when the official plan document is specific and the summary plan description is silent on a particular matter).

[7] The Court disagrees with the Estate's argument that an insured would believe, after reading the SPD, that his or her estate is the only possible default beneficiary. The SPD provides discretionary power to the insurance company to pay the insurance proceeds to the insured's estate in the absence of a beneficiary designation. In the event the insurance company decides not to pay the proceeds to the estate, the SPD does not provide for any alternative default beneficiary. Under these facts, and because an SPD is, by nature, a summary and cannot include all terms contained in the official plan document, *see Burstein v. Retirement Account Plan for Employees of Allegheny Health Education and Research Foundation*, 334 F.3d 365, 379 (3rd Cir. 2003), an insured reading the SPD would not be reasonable in interpreting it to mandate payment to the estate as the discretionary default beneficiary.

IT IS FURTHER ORDERED that Defendant Anita Pietrofitta's Cross-Motion for Summary Judgment (Doc. # 122) is GRANTED;

IT IS FURTHER ORDERED that Defendant Anita Pietrofitta is awarded the interpleader funds, plus the accrued interest;

IT IS FURTHER ORDERED that the Clerk of Court is directed to pay the interpleader funds, plus accrued interest, to Defendant Anita Pietrofitta;

IT IS FURTHER ORDERED that the Clerk of Court shall TERMINATE this action.

DATED this 24th day of January, 2007.

James A. Teilborg
United States District Judge